# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 50111 | **DATE** | 10/11/2011 |
| **CASE TITLE** | Philpot vs. City of Rockford, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to amend the complaint to add a Title VII claim [80] is denied. Defendant is granted leave to file its motion for summary judgment before 11/2/2011.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On June 12, 2006, plaintiff, Mark W. Philpot, filed this age discrimination lawsuit against the City of Rockford and the Rockford Fire Department (collectively "Rockford") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Rockford moved for summary judgment on December 3, 2010. The magistrate judge ordered plaintiff to respond to the motion for summary judgment by January 18, 2011. Following four extensions of time to file his response, plaintiff still missed his final deadline of July 6, 2011. On July 20, 2011, plaintiff filed a motion to file his response to the motion for summary judgment instanter, along with a copy of his response. In his response, in addition to challenging defendants' contention that there is no evidence in the record to sustain his age discrimination claim, plaintiff also moved to amend his complaint to add a claim of race discrimination. On July 27, 2011, the magistrate judge granted plaintiff's motion to file his response instanter, but struck the portion of plaintiff's response requesting leave to file an additional claim and instructed plaintiff to file a separate motion to amend the complaint.

Because plaintiff was moving to add a claim at such a late date and because Rockford raised the defense of res judicata for the first time in its reply brief in support of its motion for summary judgment, on August 21, 2011, this court determined that the parties had not adequately framed the issues and struck the motion for summary judgment with leave to refile it at a later date. The court also granted plaintiff leave to file a motion to amend his complaint. That motion is now before the court.

In his motion, plaintiff maintains that, prior to taking discovery in this case, he had no reason to believe that Rockford discriminated against him on the basis of race or national origin, and therefore such a claim was not made in his EEOC charge or in the complaint filed in this case. Plaintiff states that he first learned that Rockford failed to hire him due to his race and or national origin during the deposition of Division Chief Frank Schmitt. Rockford urges the court to deny the motion to amend arguing lack of diligence and undue delay and contending that it would suffer undue prejudice.

While Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave [to amend] when justice so requires," the United States Supreme Court has noted that "the grant or denial of an opportunity

| STATEMENT |
|---|

to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007) (quotation marks omitted).

     In this case, there clearly has been undue delay. Plaintiff maintains that he had no reason to believe that Rockford had discriminated against him on the basis of his race or national origin until he took Division Chief Frank Schmitt's deposition. However, that deposition took place on November 27, 2007. Plaintiff offers no explanation for the 3-year and 8-month delay before he moved to amend his complaint. Denials of motions to amend based on much shorter periods of delay have been upheld by the Seventh Circuit. See, e.g., Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) (affirming the district court's denial of a motion to amend the complaint based on plaintiff's delay of 1 year and 8 months after it was aware of facts underlying the claim it attempted to add); Sanders v. Int'l Union of Operating Eng'rs, Local 150, 6 F. App'x 443, 445 (7th Cir. 2001) (affirming district court's finding that an unexplained 18-month delay before moving to amend complaint was undue delay and finding no abuse of discretion in denial of motion to amend complaint). Moreover, this case is already over 5 years old, and the court agrees with Rockford's contention that allowing amendment of the complaint at this late stage would cause it undue prejudice by necessitating additional discovery. See Sanders, 6 F. App'x at 445 (finding that changing direction in the face of summary judgment would prejudice defendant because it would be required to undergo the time and expense of litigating a new issue and discovery would have to be reopened). The fact discovery cutoff date in this case was September 30, 2010 –over a year ago. Therefore, because the court concludes that permitting amendment of the complaint at this late stage of this litigation would prejudice Rockford and cause undue delay in these proceedings, plaintiff's motion to amend the complaint is denied.